THE MOKRY AND TESMER MACHINE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28365. Filed October 8, 1954.

*Fred J. Schatzman, Esq.*, for the petitioner.
*Lyman G. Friedman, Esq.*, for the respondent.

16

OPINION.

TURNER, *Judge:* By section 722 (a) of the Internal Revenue Code of 1939,[3] it is provided that in any case in which the taxpayer estab-

---

[3] SEC. 722. GENERAL RELIEF—CONSTRUCTIVE AVERAGE BASE PERIOD NET INCOME.

(a) GENERAL RELIEF.—In any case in which the taxpayer establishes that the tax computed under this subchapter (without the benefit of this section) results in an excessive and discriminatory tax and establishes what would be a fair and just amount representing normal earnings to be used as a constructive average base period net income for the purposes of an excess profits tax based upon comparison of normal earnings and earnings during an excess profits tax period, the tax shall be determined by using such

lishes that its excess profits tax computed without the benefit of section 722 results in an excessive and discriminatory tax, and further establishes what would be a fair and just amount "to be used as a constructive average base period net income," the tax is to be determined by the use of such constructive average base period net income, in lieu of the average base period net income otherwise determined under the statute. In section 722 (b) (4) of the 1939 Code,[3] it is provided that the tax "shall be considered to be excessive and discriminatory" if the taxpayer's "average base period net income is an inadequate standard of normal earnings," by reason of the fact that during or immediately prior to the base period, it commenced business or changed the character of its business, and its average base period net income does not reflect the normal operation for the entire base period. Section 722 (b) (4) further provides that if, by the end of the base period, the business did not reach the earning level which it would have reached if the commencement or change in the character of the business had occurred 2 years earlier, the commencement or change is to be deemed to have occurred at such earlier time. And for the purposes of section 722 (b) (4), the term "change in the character of the business" includes a change in the operation or management, a difference in the products, and a difference in the taxpayer's capacity for production or operation.

It is the claim of the petitioner that it meets the requirements of section 722 (b) (4) for relief under section 722, for the reasons that during the base period (1) it commenced business, namely, in 1937, (2) it experienced a change in its products, (3) it enlarged its plant and thereby its capacity for production, and (4) it experienced a change in management.

Aside from the merits or demerits of claims (1), (2), and (4), the record does show that the petitioner did, in the base period, enlarge its plant by the construction of a new and larger building and the installation of some additional machinery, and while there is no

---

constructive average base period net income in lieu of the average base period net income otherwise determined under this subchapter. * * *

(b) TAXPAYERS USING AVERAGE EARNINGS METHOD.—The tax computed under this subchapter (without the benefit of this section) shall be considered to be excessive and discriminatory in the case of a taxpayer entitled to use the excess profits credit based on income pursuant to section 713, if its average base period net income is an inadequate standard of normal earnings because—

*     *     *     *     *     *

(4) the taxpayer, either during or immediately prior to the base period, commenced business or changed the character of the business and the average base period net income does not reflect the normal operation for the entire base period of the business. If the business of the taxpayer did not reach, by the end of the base period, the earning level which it would have reached if the taxpayer had commenced business or made the change in the character of the business two years before it did so, it shall be deemed to have commenced the business or made the change at such earlier time. For the purposes of this subparagraph, the term "change in the character of the business" includes a change in the operation or management of the business, a difference in the products or services furnished, a difference, in the capacity for production or operation * * *

showing as to the extent by which the producing potential of the plant was increased by the said changes and improvements, we are satisfied that there was a change in petitioner's capacity "for production or operation," which in turn was a change in the character of its business, within the meaning of section 722 (b) (4). Even so, however, petitioner, to be entitled to relief under section 722, must show not only that its average base period net income is an inadequate standard of normal earnings, but must establish what would be a fair and just amount representing normal earnings, and there is still no relief under section 722 unless the excess profits credit, based upon the constructive average base period net income which is established, is greater than the excess profits credit computed without the benefit of section 722. *Green Spring Dairy, Inc.*, 18 T. C. 217, 237; *Lamport Co.*, 17 T. C. 1079, 1084, 1085; *General Metalware Co.*, 17 T. C. 286, 292; and *Trunz, Inc.*, 15 T. C. 99, 105.

The facts show that the excess profits credits for the various taxable years herein computed by the invested capital method are substantially in excess of the excess profits credits which could be computed on the basis of petitioner's actual average base period net income, and the petitioner has not only failed to establish an amount to be used as its constructive average base period net income, which would produce excess profits credits for the said years greater than the credits which have been computed by the invested capital method, and used, but it has failed to prove or establish any amount whatever to be used as its constructive average base period net income. In fact, we are unable to say with certainty what the amount is which petitioner now claims as a fair amount to be used as its constructive average base period net income, for the purposes herein. In its applications for relief and claims for the refund of excess profits taxes paid, constructive average base period net income was claimed in the amount of $30,930. Its brief, filed in this proceeding, concludes with the following sentence: "It is submitted that the petitioner is eligible to receive the relief prayed for pursuant to law and the findings of the agent of the Commissioner, except to amount, and that the Court should find so accordingly." The brief contained no proposed findings of fact, and our examination fails to disclose any amount as the constructive average base period net income now contended for. Aside from some evidence apparently offered for the purpose of settling certain differences between petitioner's books and certain statements or computations with respect thereto made in the course of the administrative proceedings in processing the applications for relief herein in the Bureau of Internal Revenue, the petitioner seemingly relies on unproven representations made and schedules filed as part of its claims for relief and on computations and recommendations made by an internal revenue agent, which computations and recommendations were rejected both

by the Excess Profits Tax Council, when the claims were being considered by it, and by the respondent in his determinations herein.

There being no showing of any amount to be used as a constructive average base period net income which would produce excess profits credits for the years herein in excess of those computed by the invested capital method and actually used in the respondent's determinations, the claims and contentions of the petitioner must be rejected. *Godfrey Food Co.*, 18 T. C. 1083; *Industrial Supplies, Inc.*, 18 T. C. 1067; and *Green Spring Dairy, Inc., supra.*

Reviewed by the Special Division.

*Decision will be entered for the respondent.*